# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

GLADYS D. TRUSTER,          )
          )
    Plaintiff,          )
          )
    v.          )          No. 6:10-3204-DGK-SSA
          )
MICHAEL J. ASTRUE,          )
Commissioner of Social Security,          )
          )
    Defendant.          )

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Gladys D. Truster seeks judicial review of the Commissioner of Social Security's denial of her application for supplemental security income ("SSI") benefits based on disability under Title XVI of the Social Security Act ("the Act"), of the Act, 42 U.S.C. §§ 1381a-1383. Plaintiff has exhausted all of her administrative remedies and judicial review is now appropriate under 42 U.S.C. § 1383(c)(3).

After careful review of the record, the Court holds the administrative law judge's ("ALJ") decision is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

## Procedural and Factual Background

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir.

2000).  Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's conclusion.  *Id.*  In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The court may not reverse the Commissioner's decision as long as substantial evidence in the records supports this decision, even if substantial evidence in the record also supports a different result, or if the court might have decided the case differently were it the initial finder of fact.  *Id.*

## Analysis

Generally a federal court's review of the Commissioner's decision to deny an application for SSI benefits is restricted to determining whether the Commissioner's decision is consistent with the Social Security Act, the regulations, and applicable case law, and whether the findings of fact are supported by substantial evidence on the record as a whole.  In determining whether a claimant is disabled, the Commissioner follows a five-step evaluation process.[1]

Plaintiff alleges her disability began on August 19, 2004, at age 34, due to kidney cancer and back problems.  Plaintiff argues the ALJ (1) failed to consider the effects of certain impairments in combination; (2) failed to properly develop the record with respect to her RFC; (3) failed to properly weigh the collective impact of Plaintiff's non-severe impairments on her

---

[1] The five-step process works as follows:  First, the Commissioner determines if the applicant is currently engaged in substantial gainful activity.  If so, he is not disabled; if not, the inquiry continues.  At step two the Commissioner determines if the applicant has a "severe medically determinable physical or mental impairment" or a combination of impairments.  If so, and they meet the durational requirement of having lasted or being expected to last for a continuous 12-month period, the inquiry continues; if not, the applicant is considered not disabled.  At step three the Commissioner considers whether the impairment is one of specific listing of impairments in Appendix 1 of 20 C.F.R. § 404.1520.  If so, the applicant is considered disabled; if not, the inquiry continues.  At step four the Commissioner considers if the applicant's residual functional capacity ("RFC") allows the applicant to perform past relevant work.  If so, the applicant is not disabled; if not, the inquiry continues.  At step five the Commissioner considers whether, in light of the applicant's age, education and work experience, the applicant can perform any other kind of work.  20 C.F.R. § 404.1520(a)(4)(i)-(v) (2009); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).  Through step four of the analysis the claimant bears the burden of showing that he is disabled.  After the analysis reaches step five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King*, 564 F.3d at 979 n.2.

residual functional capacity ("RFC"); (4) failed to properly credit her subjective complaints of pain; and (5) failed to pose a hypothetical to the vocational expert ("VE") that properly accounted for her limitations. The Court finds these arguments are without merit.

**A.    The ALJ considered Plaintiff's headaches, depression, anxiety, fibromyalgia, and panic attacks in combination.**

Plaintiff first argues that the ALJ erred in failing to find that her non-severe impairments in combination were a severe impairment. Pl.'s Br. at 5, 9, 12-13. It is clear from the record that the ALJ considered Plaintiff's impairments in combination but simply used different names to discuss them in his decision. The ALJ wrote in his decision that Plaintiff had a "severe combination of impairments: low back pain status post fusion, adjustment disorder and pain disorder." R. at 17. It is clear that by "adjustment disorder" the ALJ meant depression, anxiety, and panic attacks, borrowing this terminology from Dr. John Essman, Psy. D., who used this language to describe Plaintiff's impairments. R. at 259-262, 266. It is also clear that by "pain disorder" the ALJ was referring to Plaintiff's fibromyalgia and headaches; this understanding is supported by the treatment records which discuss Plaintiff's fibromyalgia and headaches as components of her overall pain complaints. R. at 304, 335, 373, 381, 416, 432, 436, 444, 575, 591, 601. Consequently the ALJ did consider these impairments in combination and there is no error here.

**B.    The ALJ fairly developed the record with respect to Plaintiff's RFC.**

Plaintiff argues the ALJ did not fully and fairly develop the record because she "has had limited medical care for her mental impairments, yet, the ALJ did not send her for an evaluation which would be vital in assessing" her RFC. Pl.'s Br. at 11. The ALJ is required to order medical examinations and tests only if there is insufficient evidence in the record to make a

decision.  *See Barrett v. Shalala*, 38 F.3d 1019, at 1023 (8th Cir. 1994); *Halverson v. Astrue*, 600 F.3d 922, 933 (8th Cir. 2010) (holding that ordering a consultative evaluation is not necessary where the medical evidence, claimant's statements, and other evidence provides substantial evidence supporting a determination that the claimant was not disabled).  In the present case, there was simply no reason for the ALJ to order additional testing; the record supports the ALJ's finding that Plaintiff's ability to work was only minimally impacted by her mental health problems.  In February of 2007, Plaintiff reported to Dr. Legg that she was "having no depression," was "less irritable," and was "not worrying as much."  Plaintiff herself acknowledged to the ALJ that she had not had any mental health treatment in about a "year and a half/two years," a fact which is relevant in determining a plaintiff's mental condition.  *See Williams v. Sullivan*, 960 F.2d 86, 89 (8th Cir. 1992).  Even if there were some reason for the ALJ to order additional testing, reversal for failure to develop the record is warranted only when such failure is unfair or prejudicial.  *Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993). Plaintiff has not demonstrated she was prejudiced or treated unfairly here, therefore there is no reason to reverse the Commissioner's decision.

**C.      Substantial evidence supports the ALJ's findings with respect to Plaintiff's RFC.**

The Plaintiff also argues the ALJ failed to give proper weight to the collective impact of Plaintiff's non-severe impairments in determining her residual functional capacity ("RFC"). Pl.'s Br. at 5-9.  The Court finds substantial evidence on the record supports the ALJ's RFC determination.  The ALJ found that Plaintiff had the RFC

> to perform light work except she should not climb ladders, ropes, or scaffolds; she can occasionally climb ramps or stairs and occasionally kneel, crouch, or crawl, stoop and bend; she should not work around unprotected heights; she should not perform quota-type work; and she should have only superficial contact with co-workers, supervisors, and the general public.

R. at 18. Dr. Hershel Goren, a neurologist, testified that Plaintiff's primary problem was back pain, but that she could perform work consistent with the above limitations, R. at 650-652, and his testimony is echoed in the RFC assessment completed by Dr. Van Kensey, D.O. R. at 281-87. The record indicates that Plaintiff suffered from brief periods of mental problems that were associated with situational stressors, thus the restrictions prohibiting Plaintiff from performing quota-type work and limiting her to minimal contact with co-workers, supervisors and the public, were ample and appropriate. R. at 329-330, 601, 587, 651, 630.

**D.      Substantial evidence supports the ALJ's evaluation of Plaintiff's subjective allegations.**

Plaintiff also contends that the ALJ erred by failing to consider the medical records after her back surgery and finding that she had no significant limitations in her daily activities. Pl.'s Br. at 7, 10. She argues the record as a whole supports her testimony, which the ALJ discredited. Pl.'s Br. at 11.

There is no merit to the assertions that the ALJ failed to consider Plaintiff's medical records after her back surgery or failed to consider that she still experienced pain after her back surgery. The ALJ included low back pain and pain disorder in the list of the severe combination of impairments, discussed Plaintiff's continued pain, and relied on Dr. Goren's opinion (who noted Plaintiff experienced pain) in determining Plaintiff's RFC. R. at 17-21. Far from ignoring Plaintiff's medical records in the wake of her back surgery, the ALJ relied on them.

Substantial evidence on the record also supports the ALJ's credibility determination, specifically her assessment of Plaintiff's ability to perform normal daily activities. Questions concerning a Plaintiff's testimony are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). In analyzing a claimant's subjective complaints

of pain, the ALJ must consider the entire record, including the medical records, statements from the plaintiff and third-parties, and the *Polaski* factors: (1) the claimant's daily activities, (2) the duration, frequency, and intensity of pain, (3) dosage, effectiveness, and side effects of medication, (4) precipitating and aggravating factors, and (5) functional restrictions. 20 C.F.R. §§ 404.1529, 416.929; *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). When the ALJ explicitly finds that the plaintiff's testimony is not credible and gives good reasons for this finding, courts should defer to the ALJ's finding. *Casey v. Astrue*, 503 F.3d 687, 696 (8th Cir. 2007). Here the ALJ noted that Plaintiff testified she cared for her four daughters and exercised. R. at 21. A physical therapist also observed Plaintiff could perform "many activities . . . without increasing her pain," and a doctor observed she could easily move around. R. at 364, 373, 624-25. The ALJ properly relied on these daily activities as a factor that detracted from the credibility of Plaintiff's allegations. *See* 20 C.F.R. § 416.929(c)(3). Because the ALJ gave good reasons for finding Plaintiff's statements not fully credible, and substantial evidence supports this decision, there is no error here.

**E.      The hypothetical question posed to the vocational expert properly accounted for Plaintiff's limitations.**

Finally, Plaintiff argues that the hypothetical question posed to the vocational expert ("VE") by the ALJ did not precisely describe her impairments because it excluded limitations due to headaches, anxiety/panic attacks, and pain. As discussed above, the ALJ's RFC determinations are supported by substantial evidence on the record. An RFC assessment must identify a claimant's functional limitations and assess her work-related abilities on a function-by-function basis, which the ALJ's determination did. Contrary to Plaintiff's intimation, there is no

requirement that the ALJ follow each limitation with a list of specific evidence or citation to the record supporting that finding. *See* SSR 96-8p.

Here the ALJ found Plaintiff should not climb ladders, ropes, or scaffolds; she could climb ramps or stairs and occasionally kneel, stoop and bend; she could not work around unprotected heights; she could perform quota-type work; and she could have superficial contact with co-workers, supervisors, and the general public. As discussed above, these limitations are supported by substantial evidence on the record. The RFC findings were included in the hypothetical question posed to the VE, and the VE answered that Plaintiff could perform the light, unskilled jobs of cashier, photocopy machine operator, and courier. R. at 660-61. Because the question was properly formulated, the VE's answer constitutes substantial evidence supporting the Commissioner's decision. *See Gragg v. Astrue*, 615 F.3d 932, 941 (8th Cir. 2010).

## Conclusion

After careful examination of the record as a whole, the Court finds the ALJ's determination is supported by substantial evidence on the record, and the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  September 27, 2011               /s/ Greg Kays
                                       GREG KAYS, JUDGE
                                       UNITED STATES DISTRICT COURT